**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DELCO, INC.**                                                                                          **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 2:11-CV-90-KS-MTP**

**CORPORATE MANAGEMENT, INC., et al.**                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendants' Motion to Dismiss [26] for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff leased a nursing home facility in Leakesville, Mississippi, from Melody Manor Convalescent Center ("MMCC") and operated a nursing home at the location. Plaintiff's lease expired on December 31, 2009, and MMCC elected to not renew the lease. Another company – either Leakesville Rehabilitation and Nursing Center, Inc. ("LRNC") or Corporate Management, Inc. ("CMI") – currently operates a nursing home at the same location. All three companies – MMCC, LRNC, and CMI – are owned by Harold Ted Cain. The Court shall collectively refer to Cain, MMCC, LRNC, and CMI as the "Facility Defendants." On or about January 1, 2010, one or more of the Facility Defendants allegedly began operating the Leakesville facility and caused Plaintiff's Medicare Provider Number to be transferred to Defendant CMI, over Plaintiff's objections.

Plaintiff alleges that it has submitted claims to Medicare for services provided by Plaintiff prior to January 1, 2010 – when it operated the Leakesville facility. However, Plaintiff alleges that it has not received payments from Medicare, or even a denial or other payment determination related to those claims. Plaintiff believes that this is because of the unauthorized transfer of its provider

number. Plaintiff alleges that Medicare payments have been wrongfully made to the Facility Defendants for services that Plaintiff provided prior to January 1, 2010.

Accordingly, Plaintiff filed the present action. Plaintiff asserted multiple claims as to the Facility Defendants – including failure to comply with the Medicare statutes, conversion, and tortious interference with contract. Plaintiff also named the Secretary of the United States Department of Health and Human Services (the "Secretary"), the Centers for Medicare and Medicaid Services ("CMS"), and the United States Department of Health and Human Services ("HHS") as Defendants. The Court shall collectively refer to them as the "Federal Defendants."

Plaintiff seeks an injunction prohibiting the Federal Defendants from paying any additional funds to the Facility Defendants for services provided by Plaintiff and ordering the Secretary to pay all funds for services provided by Plaintiff into the registry of the Court pending a final ruling by the Court.[1] Plaintiff also alleges that CMS breached the Medicare Provider Agreement by allowing the Facility Defendants to appropriate Plaintiff's provider number and wrongfully remitting payments to the Facility Defendants. Finally, Plaintiff alleges that CMS failed to comply with the Medicare statutes.

On August 30, 2011, the Federal Defendants filed a Motion to Dismiss [26] for lack of subject matter jurisdiction, which the Court now addresses.

## II. DISCUSSION

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."

---

[1]The parties have already reached an agreement pursuant to which the Facility Defendants will pay all disputed funds into the registry of the Court pending the final resolution of this matter.

*Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The Court "may find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 762-63 (punctuation omitted).

"The Medicare Act limits the jurisdiction of federal courts to review claims brought under the Act by requiring that 'virtually all legal attacks' be brought through the agency. Specifically, 42 U.S.C. § 1395ii makes [42 U.S.C.] § 405(h)'s bar of actions against the Commissioner of Social Security brought under § 1331 or § 1346 applicable to claims brought under the Medicare Act against the Secretary . . . . " *Nat'l Athletic Trainers Ass'n v. United States HHS*, 455 F.3d 500, 503 (5th Cir. 2006) (internal citation omitted). Therefore, "42 U.S.C. § 405(g) is the sole avenue for judicial review of all claims arising under the Medicare Act." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (citing *Heckler v. Ringer*, 466 U.S. 602, 605, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984)).

Section 405(g) provides that judicial review of Medicare claims "is available only after the Secretary renders a 'final decision' on the claim . . . ." *Heckler*, 466 U.S. at 605, 104 S. Ct. 2013. "[A] 'final decision' is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review." *Id.* at 606, 104 S. Ct. 2013. To determine whether the Court has jurisdiction of a Medicare claim, the Court employs a two-pronged test. *Affiliated Prof'l Home Health Care Agency*, 164 F.3d at 285. First, the claim must have been presented to the Secretary. *Id.* Second, the claimant must have exhausted the administrative review process. *Id.* In the present case, it is undisputed that Plaintiff has not exhausted the administrative review process.

Nevertheless, Plaintiff argues that the Court has jurisdiction to hear this case under the exception to § 1395ii first articulated in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S. Ct. 2133, 90 L. Ed. 2d 623 (1986). There, the Supreme Court held that "§ 1395ii does not apply § 405(h) where application of § 405(h) would not simply channel review through the agency, but would mean no review at all." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19, 120 S. Ct. 1084, 146 L. Ed. 2d 1 (2000). The Fifth Circuit has noted that § 405(h) applies where a dispute concerns the "merits of [a] benefits determination," or where a plaintiff seeks "a redetermination of administrative decisions concerning its right to benefits." *Wolcott*, 635 F.3d at 765. However, § 405(h) does not apply where a plaintiff seeks the "enforcement of . . . administrative decisions," or the review of "otherwise unreviewable procedural issues." *Id.*

According to Plaintiff's Amended Complaint, the Federal Defendants are wrongfully making payments to the Facility Defendants for services rendered by Plaintiff. Accordingly, Plaintiff seeks an injunction against the Federal Defendants from making further payments to the Facility Defendants. Plaintiff further alleges that CMS wrongfully remitted payments to the Facility Defendants, in violation of the Plaintiff's Provider Agreement and 42 U.S.C. § 1395g(a).

The facts alleged in Plaintiff's Amended Complaint might have supported a claim that Plaintiff was unable to receive an adequate administrative review. Plaintiff alleged that it had submitted claims to CMS for which it has not received a denial or other payment determination, and that it is no longer able to access claims online to check their status. Regardless, Plaintiff does not seek the Court's intervention to force an administrative review. Rather, Plaintiff seeks payment of the Medicare claims that it alleges were wrongfully paid to the Facility Defendants. Phrased differently, Plaintiff challenges the Federal Defendants' determination that the Facility Defendants

4

were owed the disputed benefits, rather than the process which led to that determination. Accordingly, the *Bowen* exception to 42 U.S.C. § 1395ii does not apply, and this Court does not have jurisdiction over Plaintiff's claims as to the Federal Defendants.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendants' Motion to Dismiss [26] for lack of jurisdiction. Plaintiff's claims as to the Federal Defendants are dismissed without prejudice.

SO ORDERED AND ADJUDGED this 18th day of October, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE