IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DELCO, INC.**                                                                                           **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 2:11-CV-90-KS-MTP**

**CORPORATE MANAGEMENT, INC., et al.**                                    **DEFENDANTS**

### ORDER TO PROVIDE SUPPLEMENTAL BRIEFING

The Court previously dismissed Plaintiff's claims against the Secretary of the United States Department of Health and Human Services, the Centers for Medicare and Medicaid Services, and the United States Department of Health and Human Services. *Delco, Inc. v. Corporate Mgmt.*, No. 2:11-CV-90-KS-MTP, 2011 U.S. Dist. LEXIS 120825, at *8 (S.D. Miss. Oct. 18, 2011). The Court held that it had no jurisdiction over Plaintiff's claims against the Federal Defendants, as Plaintiff had failed to exhaust the administrative review process required by 42 U.S.C. §§ 1395ii and 405(g)-(h). *Id.* at *5-*8.

The remaining Defendants – Corporate Management, Inc.; H. Ted Cain; Melody Manor Convalescent Center, Inc.; and Leakesville Rehabilitation and Nursing Center, Inc. – filed their own motion to dismiss [104] on the same basis, arguing that Sections 1395ii and 405(h) likewise require Plaintiff to exhaust its administrative remedies prior to maintaining an action against them. The motion is fully briefed and ready for review. Before the Court addresses the motion, it requires supplemental briefing on

two issues not addressed by the parties.

## A.     *Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to the well-pleaded complaint rule, "for a federal court to have 'arising under' jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint." *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012). "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

A complaint stating a state-law cause of action may create federal question jurisdiction if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 280 (5th Cir. 2010). The "mere need to apply federal law in a state-law claim" is not sufficient to invoke federal question jurisdiction. *Id*. Rather, there must be a "substantial" federal right at issue, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. "Congress's failure to provide a private cause of action for violation of a federal statute" suggests that the right at stake is not substantial enough to create federal question jurisdiction, but it

2

is not determinative. *Id.* at 280-81. When addressing such issues, the Court must consider the "balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338; *see also Budget Prepay*, 605 F.3d at 281.

Plaintiff asserted three causes of action against the remaining Defendants. In Count III of the First Amended Complaint, Plaintiff alleged that Defendants "committed statutory violations (including, at a minimum, violation of 18 U.S.C. § 669 and 18 U.S.C. § 1347) by wrongfully representing to CMS that they are entitled (under the provider number and substituted NPI) to receive payment for services from a federal health care benefit program and by wrongfully receiving and converting same when Plaintiff actually provided the services . . . ." The statutes identified by Plaintiff are criminal statutes, and Plaintiff has not identified a private cause of action for their violation. Counts IV and V – for conversion and tortious interference with contract, respectively – are state-law causes of action.

The Court orders Plaintiff to demonstrate that federal question jurisdiction exists in this matter, either by virtue of a cause of action created by federal law or a state-law cause of action which depends on the resolution of a substantial question of federal law. Plaintiff shall file a supplemental brief within ten (10) days of the entry of this order. Defendants shall then file a response within seven (7) days of the filing of Plaintiff's supplemental brief. If Plaintiff wishes to file a rebuttal, it may do so within five (5) days of the filing of Defendants' response.

**B.**    ***The Applicability of 42 U.S.C. § 405(h)***

As the Court previously noted, "[t]he Medicare Act limits the jurisdiction of federal courts to review claims brought under the Act by requiring that virtually all legal attacks be brought through the agency. Specifically, 42 U.S.C. § 1395ii makes § 405(h)'s bar of actions against the Commissioner of Social Security brought under § 1331 or § 1446 applicable to claims brought under the Medicare Act *against the Secretary*, thereby purporting to make § 405(g) the exclusive judicial review method for actions *by the Secretary*." *Nat'l Athletic Trainers Ass'n v. United States HHS*, 455 F.3d 500, 503 (5th Cir. 2006) (internal citations and punctuation omitted, emphasis added). In other words, 42 U.S.C. §§ 1395ii and 405(g)-(h) require a plaintiff to exhaust its administrative remedies before bringing an action against the "United States, the Commissioner of Social Security, or any officer or employee thereof" to recover on claims arising under the Medicare Act. 42 U.S.C. § 405(h).

The Court dismissed Plaintiff's claims against the Secretary, CMS, and HHS. Defendants are private parties. Defendants argue, though, that 42 U.S.C. §§ 1395ii and 405(g)-(h) deprive the Court of jurisdiction over Plaintiff's claims against them. The Court orders Defendants to provide a supplemental brief addressing whether 42 U.S.C. §§ 1395ii and 405(g)-(h), by their plain terms, apply to actions against private parties. In other words, does the jurisdictional bar of Section 405(h) only apply to actions against the United States, the Secretary, or HHS? Defendants shall file the supplemental brief within ten (10) days of the entry of this order. Plaintiff shall then file a response within seven (7) days of the filing of Defendants' supplemental brief. If

4

Defendants then wish to file a rebuttal, they may do so within five (5) days of the filing of Plaintiff's response.

SO ORDERED AND ADJUDGED this 6th day of July, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE