IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DELCO, INC.**                                                                           **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 2:11-CV-90-KS-MTP**

**CORPORATE MANAGEMENT, INC., et al.**                 **DEFENDANTS**

### ORDER

For the reasons stated below, the Court **denies** Defendants' Motion to Set Aside [132]. Defendants first argue that the Court "violated" its own previous order by ordering the disbursement of the disputed funds to the Circuit Court of Greene County, Mississippi. Defendants are mistaken. The Court's Memorandum Opinion and Order [128] of August 2, 2012, merely stated that the Court would release the funds at some point in the future. The Court did not specify to whom it would release the funds.

Next, Defendants argue that the Court lacked jurisdiction to order the disbursement of the funds. Defendants have not cited any legal authority in support of this position. The Court notes, however, that its jurisdiction was intact when it entered the parties' agreed order for the deposit of the funds.

Rule 67 permits parties to deposit disputed funds into the Court's registry. FED. R. CIV. P. 67(a). The purpose of the rule "is to relieve the depositor of the responsibility for a fund in dispute." *Muncy v. City of Dallas*, 123 F. App'x 601, 605 (5th Cir. 2005). "Once funds are deposited, the court should determine ownership and make disbursements." *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987). The Court has made no such determination of ownership, and, as such, it would

be inappropriate to release the funds to Defendants.

Indeed, Defendants argue that the "proper forum for disposition of the funds is in a court which possesses subject matter jurisdiction." The Court agrees. Therefore, as previously ordered, the funds will be disbursed to the Circuit Court of Greene County, Mississippi, which is capable of determining ownership of the funds and disbursing them to the appropriate party.

SO ORDERED AND ADJUDGED this 12th day of October, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE